PD-0973-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/28/2015 3:18:39 PM
Accepted 7/29/2015 11:20:59 AM
ABEL ACOSTA
CLERK

No. _____

In the
Court of Criminal Appeals
At Austin

———◆———

### No. 14-14-00386-CR

In the
Court of Appeals
for the
Fourteenth District of Texas
at Houston

———◆———

FILED IN
COURT OF CRIMINAL APPEALS

July 29, 2015

ABEL ACOSTA, CLERK

No. 1383622
In the 176th District Court
Harris County, Texas

———◆———

## RODNEY ROCHELL
*Appellant*

V.

## THE STATE OF TEXAS
*Appellee*

———◆———

## APPELLANT'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE PETITION FOR DISCRETIONARY REVIEW

———◆———

**TO THE HONORABLE COURT OF APPEALS:**

APPELLANT, pursuant to Tex. R. App. P. 68.2(c) moves for an extension of time within which to file its petition for discretionary review. In support of its motion, appellant submits the following:

1. Appellant was charged with the felony offense of robbery.

2.  A jury convicted appellant of the charged offense and sentenced him to 35 years confinement in the Institutional Division of the Texas Department of Criminal Justice on May 15, 2014.

3.  A unanimous panel of the Fourteenth Court of Appeals rendered judgment in an unpublished opinion on June 16, 2015, affirming appellant's conviction and sentence.

5.  Appellant's petition for discretionary review is due July 16, 2015.

6.  Appellant seeks an extension, in accordance with TEX. R. APP. P. 68.2(c), until August 31, 2015, to file its petition for discretionary review. This is appellant's first request for an extension.

7.  The following reasons are provided as good cause for granting the extension:

    a.  On June 17, 2015, counsel for appellant sent correspondence, certified/return receipt requested, informing appellant of the affirmation of his conviction and his right to file a pro se PDR (Appendix A).

    b.  As of this date, counsel has not received confirmation that appellant received this correspondence.

    c.  Out of an abundance of caution, appellant is resending the letter from June 17, 2015, and wants to ensure that appellant has sufficient time to file a PDR should he choose to do so.

9.  Appellant's petition is not for purposes of delay, but so that justice may be done.

WHEREFORE, the Appellant prays that this Court will grant the requested extension until August 24, 2015.

Respectfully submitted,

**/s/MANDY MILLER**
Attorney for appellant
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
PHONE (832) 900-9884
FAX (877) 904-6846
mandy@mandymillerlegal.com

## CERTIFICATE OF SERVICE

Pursuant to TEX. R. APP. P. 9.5, this certifies that on the 26th day of July, 2015, a copy of the foregoing was delivered to the following persons through electronic mail:

Carly Dessauer
Harris County District Attorney
dessauer_carly@dao.hctx.net

Lisa McMinn
State Prosecuting Attorney
lisa.mcminn@spa.state.tx.us

**/s/MANDY MILLER**

# Appendix A

# Mandy Miller

Mandy Miller Legal, PLLC
2910 Commercial Center Blvd., Suite 103-201
Katy, TX 77494
(832) 900-9884
mandy@mandymillerlegal.com

June 17, 2015

Mr. Rodney Rochell (TDCJ# 01929680)
c/o William P. Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606

RE: *Rodney Rochell v. The State of Texas,*
Cause No. 14-14-00386-CR.

Mr. Rochell,

The court of appeals has issued its opinion in your case affirming the judgment of the trial court. A copy is enclosed for your review. Based upon my review of the court's opinion and the current state of the law, I do not believe that petitioning the Court of Criminal Appeals, pursuant to Rule 68 of the Texas Rules of Appellate Procedure is warranted. If you disagree, you may file a pro se petition for discretionary review (PDR) with the Court of Criminal Appeals, pursuant to Rule 68, Texas Rules of Appellate Procedure. I have enclosed a copy of the pertinent rules to help guide you.

A PDR is different from the brief I filed on your behalf. The goal with a PDR is convince the Court of Criminal Appeals that the lower appellate court, not the trial court, was wrong in its opinion. You may not use the PDR to raise issues not brought out at trial or appeal.

You have 30 days from the order affirming your conviction to file the petition. You may also be entitled to one 30 day extension. I have enclosed an extension for your convenience.

If no petition is filed, once the time for filing of such has passed, the court of appeals will issue a mandate. The issuance of a mandate will make your conviction "final" and enable you to seek habeas relief. Both case law and the Code of Criminal

Procedure require that a conviction in a case where the death penalty was not assessed be "final" before a writ of habeas corpus can be heard. Should you chose to file a writ, and if you so request, the trial court may appoint an attorney other than myself to assist you in the writ proceeding. You will have to petition the court for the appointment of counsel.

Please do not hesitate to contact me should you have any questions or concerns.

Sincerely,

Mandy Miller

Enclosures